# SUPREME COURT

OF THE

## STATE OF ILLINOIS,

DELIVERED

## DECEMBER TERM, 1832, AT VANDALIA.

PETER MENARD, Jr., plaintiff in error *v.* JOSEPH MARKS, administrator of GEORGE LOVE, deceased, defendant in error.

*Error to Peoria.*

A *scire facias* to foreclose a mortgage, may be issued before the expiration of one year from the decease of the mortgagor.

A *scire facias* to foreclose a mortgage, is a proceeding *in rem*, and not *an action* in the ordinary acceptation of that term.

A mortgage creditor has a *specific lien* on the mortgaged premises, which is not affected by the solvency or insolvency of the intestate's estate.

The objection that a *scire facias* to foreclose a mortgage, does not set out the mortgage in full, cannot be taken on a plea in abatement.

THIS cause was tried at the September term, 1832, of the Peoria Circuit Court. The material facts are contained in the opinion of the Court.

L. BIGELOW, for the plaintiff in error, relied upon the following points and authorities:

1. The proceeding, being entirely *in rem,* is not *an action* against the administrator, within the meaning of the statute of 1829;(1) and the statute of 1825,(2) upon which the proceeding is founded, stands independent of the statute of 1829, and *is* in no wise affected by it.

2. In construing a statute, all its parts and provisions should

(1) R. L. 643; Gale's Stat. 711.  (2) R. L. 376; Gale's Stat. 393.

C

---

Menard *v.* Marks.

---

be compared, and a consistent and a reasonable exposition given to each part. Bac. Abr. *Statute,* I. 2; Holbrook *v.* Holbrook et al., 1 Pick. 258.

3. If divers statutes relate to the same subject, they ought to be all taken into consideration, in construing any one of them. Bac. Abr. *Statute,* I. 3; 1 Pick. *ubi sup.*

4. The intention of the legislature ought to prevail in the construction of a statute, if that intention can be collected from the whole law, or from other laws *in pari materia,* although it be contrary to the literal import of the words employed. United States *v.* Fisher, 2 Cranch 386, 399; 1 Pick. *ubi sup.*; Bac. Abr. *Statute,* I. 2, 5.

5. If the literal import of the words of a statute would lead to absurd, unjust, or inconvenient consequences, such a construction should be given as to avoid those consequences, if, from the whole purview of the law, and giving effect to the words used, it may fairly be done. United States *v.* Fisher, *ubi sup.*; Bac. Abr. *Statute,* I. 2; Bryan *v.* Buckmaster, Breese's App. 22.

6. If general words are used in a statute, which import more than seems to be within the purview of the law, and those expressions can be restrained by others used in the same law, or in any other upon the same subject, they ought to be restrained. *Ibid.*; *Ibid.*

7. When a mortgagee seeks to obtain satisfaction of his debt by a sale of the mortgaged estate, pursuant to the provisions of the statute of 1825, the administrator of the mortgagor can have no interest whatever, as administrator, in the subject-matter of the suit; nor can his property, or that of the intestate in his hands, be at all affected by any judgment which the mortgagee may obtain in such proceedings. Stat. 1825, § 18(1) *ubi sup.*; Stat. 1829, § 120.(2)

8. No new provision was enacted by the statute of July 1, 1829, § 97,(3) but the same law was in force at the time of passing the statute of 1825. Stat. Oct. 24, 1808, § 3.

T. FORD, for the defendant in error, cited 1 Chit. Plead. 270, 450.

LOCKWOOD, Justice, delivered the opinion of the Court:

This is a *scire facias* issued against the defendant, as administrator, to obtain a sale of mortgaged premises, pursuant to the statute, Jan. 17th, 1825, entitled " *An act concerning Judgments and Executions.*" The mortgage was executed to the plaintiff by the defendant's intestate. Upon the return of the *scire facias,* the defendant pleaded in abatement that the *scire facias* was issued within one year after the death of the intes-

(1) Gale's Stat. 393; R. L. 376.　　(2) R. L. 650; Gale's Stat. 716.
(3) R. L. 643; Gale's Stat. 711.

tate. To this plea the plaintiff demurred, and the defendant joined in demurrer. On the hearing of the cause in the Circuit Court, the demurrer was overruled, and the plea sustained, and thereupon judgment was given that the *scire facias* be abated and quashed. To reverse this judgment, a writ of error has been brought to this Court.

The only question presented by the pleadings, is, whether the 97th(1) section of the act passed 23d January, 1829, "*relative to Wills and Testaments, Executors and Administrators, and the settlement of Estates,*" forbids the suing out of a *scire facias* to foreclose a mortgage, until after the expiration of one year from the taking out of letters of administration. By the 18th section of the act "*concerning Judgments and Executions,*" passed 17th January, 1825, it is provided in substance, that if default be made in the payment of any sum of money, secured by mortgage on lands and tenements duly executed and recorded, it shall be lawful for the mortgagee to sue out a writ of *scire facias* from the clerk's office of the Circuit Court of the county in which said mortgaged premises may be situated, directed, &c., requiring the sheriff to make known to the mortgagor, or, if he be dead, to his heirs, executors, or administrators, to show cause, if any they have, why judgment should not be rendered for such sum of money as may be due by virtue of said mortgage; and upon appearance, the Court is authorized to give judgment; but if the *scire facias* be returned *nihil,* an *alias scire facias* may be issued; and if the *alias* be returned *nihil,* or if the defendant appear and plead, or make default, the Court may proceed to give judgment with costs: "And also that the mortgaged premises be sold to satisfy such judgment, and may award or direct a special writ of *fieri facias*(2) for that purpose. PROVIDED, HOWEVER, that the judgment aforesaid shall create no lien on any other lands or tenements than the mortgaged premises, nor shall any other real or personal property of the mortgagor be liable to satisfy the same."

The *scire facias* authorized by the above section of the judgment and execution law, is not an action in the ordinary acceptation of that term; but is a proceeding *in rem.* The judgment does not bind the administrator, nor does it affect in the least degree that portion of the intestate's estate that is committed to his charge. If a mortgagee were to be delayed until one year after letters of administration were taken out, it would often happen that years would intervene before he could enforce his lien. No such consequences could have been intended by the legislature.

Administration, except in cases of insolvency, only extends to

(1) Gale's Stat. 711; R. L. 643.     (2) Gale's Stat. 393; R. L. 376.

the(1) personal estate; and the object in forbidding the bringing of an action against an administrator for one year after the taking out of letters of administration, was to enable the administrator to ascertain whether the estate of the intestate were insolvent, in which event the debts would be classed, and paid *pro rata.* The reason for giving this time to ascertain the situation of the estate, does not apply to a mortgage creditor, for he has a *specific lien* on the mortgaged premises, which is not affected by the solvency or insolvency of the intestate's estate. We are therefore of opinion that the demurrer to the defendant's plea, ought to have been sustained.

It was contended in the argument of this case, that the *scire facias* does not set out the mortgage in full. This objection, however, cannot be taken on a plea in abatement.(2)

The judgment of the Court below is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*

(1) But see Act of March 1, 1833, Gale's Stat. 723; R. L. 659.
(2) *See* Marshall *v.* Maury, *Post.*